In Re: Appeal from the Enactment of an Ordinance Increasing the Indebtedness of the Borough of Blakely, etc. Edward Gerek, Appellant.

Edward Gerek et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Community Affairs et al., Respondents.

2

Argued December 4, 1978, before Judges CRUM-
LISH, JR., BLATT and CRAIG, sitting as a panel of three.

*John E. V. Pieski,* for petitioners.

*Chester Harhut* and *Carol Porell Cocheres,* Assist-
ant Attorney General, with them *Henkelman, McMena-
min, Kreder & O'Connell; Ellen Marie Coggins,* As-
sistant Attorney General, and *Gerald Gornish,* Attor-
ney General, for respondents.

OPINION BY JUDGE BLATT, February 28, 1979:
These two cases arising from the same circum-
stances were consolidated for argument before this

Court. Both represent a challenge by the same taxpayer to the enactment by the Borough of Blakely of an ordinance increasing its indebtedness by issuing a general obligation note in the principal amount of $350,000.00.

On May 25, 1978, Edward Gerek (taxpayer), without benefit of legal counsel, filed a notice of appeal in the Court of Common Pleas of Lackawanna County. He alleged that the ordinance in question was invalid because the Borough of Blakely (Borough) had advertised the proposed ordinance for only two days before it was enacted on May 11, 1978, and that under Section 103 of the Local Government Unit Debt Act (Act),[1] a minimum of three days' public notice was required. Meanwhile, the Borough, as required by the Act, filed proceedings for approval of its action by the Department of Community Affairs (Department), which received the proceedings on May 15, 1978 and approved them on June 7, 1978. On June 28, 1978, after the taxpayer had retained an attorney, the Department received from the taxpayer a ''Petition/Complaint for Declaratory Order'' challenging the proceedings there. Also, the notice of appeal in the common pleas court was amended by changing the title of the matter from "Notice of Appeal" to "Petition for Review." By letter of July 5, 1978, the Department responded to the petition for a declaratory order by informing the taxpayer that the statutory time period in which to petition the Department for a declaratory order under the Act had expired. Moreover, the Department advised, the statutory time period within which to appeal its approval of the proceedings to this Court had also expired. On July 26, 1978, the common pleas court ordered the action which had been initiated there transferred to this Court.

---

[1] Act of April 28, 1978, P.L. 124.

Presently before this Court are the petition for review at 1668 C.D. 1978, to which the Department and the Borough have filed motions to quash, and the transferred common pleas court action at 43 T.D. 1978, to which the Borough has filed a motion to dismiss. Because they are dispositive of these cases, we shall address only the motions to quash and to dismiss.

### 43 T.D. 1978

The Borough has moved to dismiss this transferred case because there is no provision under the Act for challenging its proceedings by initiating an action in a common pleas court or in this Court, because, although court review under the Act is "of the determination of the department," the action here was filed before the Department had approved the proceedings and the Department was never made a party to the suit. We are compelled to agree and will therefore grant the Borough's motion.

Section 901(b) of the Act provides:

> (b)   Exclusive jurisdiction is hereby conferred on the department to hear and determine all procedural and substantive matters arising from the proceedings of a local government unit taken pursuant to this act, including . . . the regularity of the proceedings. . . .

The taxpayer here was apparently of the mistaken belief that his remedy was under The Borough Code,[2] and he attempted to challenge the proceedings in the common pleas court. His failure to pursue the remedy

---

[2] See Section 3411 of the Borough Code, Act of February 1, 1966, P.L. 1656 (1965), as amended, 53 P.S. §48411. This section, which permits borough taxpayers to inquire into the validity of a judgment or defend the borough in any suit or judgment, is obviously not applicable where, as here, there was no judgment or pending suit against the borough. Moreover, the method for challenging the Borough's proceedings here is plainly and exclusively defined in the Local Government Unit Debt Act.

provided by the Act is fatal to his claim, for it is well established that when an adequate administrative remedy is provided by statute, a court is without jurisdiction to entertain the suit. *Lilian v. Commonwealth,* 467 Pa. 15, 354 A.2d 250 (1976). We conclude therefore that we, as well as the common pleas court, are without power to exercise jurisdiction in this case. Moreover, we cannot treat this action as an appeal of the Department's determination because it was filed before the proceedings were approved by the Department. Nor can we view the subsequent amendment as curing this defect when the Department was not named as a party to the suit or given notice thereof.

Accordingly, the Borough's motion to dismiss is granted.

### 1668 C.D. 1978

In this action the Department and the Borough have moved to quash the taxpayer's petition for review because his petition for a declaratory order was not timely filed with the Department under Section 901 of the Act. Again we must agree and grant the motions.

In regard to challenging the incurring of debt represented by bonds, Section 901(a) of the Act mandates:

> Any such complaint asserting the invalidity of any such proceedings or part thereof in cases in which, under this act, the approval or deemed approval of the department is required, may be filed with the department at any time *not later than fifteen days* after the date of the submission of the proceedings of the local government unit to the department for approval. (Emphasis added.)

In the instant case the Borough submitted the subject proceedings to the Department on May 15, 1978. The

taxpayer, however, did not file the petition for a declaratory order until June 28, 1978, which was plainly beyond the statutory 15-day period. In a similar situation we said, ''When a statute requires that an appeal be filed or instituted within a certain period of time, an untimely filing will not perfect the appeal.'' *Strawley v. Unemployment Compensation Board of Review*, 25 Pa. Commonwealth Ct. 34, 358 A.2d 145 (1976). Likewise, we think that the failure to file a timely challenge to the proceedings here is a jurisdictional defect, and thus the Department properly refused to entertain the petition. We note, in addition, the express provisions of Section 809(a) of the Act, which stipulate:

Where a certificate of approval has been issued by the department or has been deemed issued under section 806 . . . and no petition for a declaratory order has been filed within the applicable time limits specified in section 901 . . . , the validity of the proceedings . . . shall not thereafter be inquired into judicially, in equity, at law, or by civil or criminal proceedings, or otherwise, either directly or collaterally.

The taxpayer argues that, because the proceedings did not contain proof of proper publication, there was not a complete submission, and therefore, that the time limit for filing a challenge with the Department has not run in this case. This contention is without merit, however, because the error alleged here is in the proceedings themselves and not in the condition in which they were submitted to the Department. And, even if we were to accept this argument, we still could not exercise jurisdiction, for the taxpayer did not petition this Court within 15 days of the Department's approval as required under Section 902 of the Act. The Department approved the proceedings on June 7, 1978; the petition for review was filed with this Court on

July 19, 1978. "The timeliness of an appeal and compliance with the statutory provisions which grant and govern the right of appeal go to the jurisdiction of a court and its competency to act." *Shellem v. Springfield School District,* 6 Pa. Commonwealth Ct. 527, 531, 297 A.2d 179, 181 (1972) (citing *Commonwealth v. Yorktowne Paper Mills, Inc.,* 419 Pa. 363, 214 A.2d 203 (1965)).

The motions to quash of the Borough and the Department are therefore granted.

ORDER

AND Now, this 28th day of February, 1979, this action at 43 T.D. 1978 is hereby dismissed, and the petition for review at 1668 C.D. 1978 is hereby quashed.