## Erie Insurance Exchange v. Balinski

*William R. Brown,* for plaintiff.
*Harry K. Thomas,* for defendants.

ANTHONY, *J.,* September 18, 1980—This action is now before the court on defendants' preliminary objections to plaintiff's petition for declaratory judgment. Although the issues raised will be resolved without reference to the underlying facts, a brief summary of plaintiff's allegations provides a helpful background.

Plaintiff, Erie Insurance Exchange (Erie), has paid medical and wage loss benefits to defendant Balinski as a result of injuries sustained by Balinski when he was struck by an automobile. The payments were made pursuant to a no-fault insurance policy which Balinski had with Erie. Erie contends that the accident was compensable under The Pennsylvania Workmen's Compensation Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §1 et seq., and that Erie is therefore entitled to reimbursement pursuant to the Pennsylvaina No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq. Specifically, section 1009.106(a)(3) provides that a no-fault carrier that has paid benefits to an injured employe shall be reimbursed by anyone obligated to pay workmen's compensation benefits[*] to the employe. Erie has informed Lord Corporation (Balinski's employer) and Liberty Mutual Insurance, Lord's workmen's compensation carrier, that the accident was compensable and that these defendants should begin the payment of benefits to Balinski. They have refused to acknowledge the compensability of the injuries. Erie has also requested that Balinski file a work-

_____

[*]See 40 P.S. §1009.206(a)

men's compensation petition, but he has refused to do so.

Erie now petitions this court for declaratory relief, asking that we make the following rulings:

(1) That the accident was compensable under the Workmen's Compensation Act;

(2) That Erie must be reimbursed by Balinski, Lord and Liberty Mutual for all of the medical benefits and most of the wage loss benefits paid by Erie; and

(3) That Lord and Liberty Mutual must pay any further benefits found owing to Balinski.

Erie has also requested that it be awarded attorney's fees and costs.

In their preliminary objections, defendants assert that this court lacks subject matter jurisdiction over the workmen's compensation issues raised by plaintiff. They also argue that Erie lacks standing, and that this claim is not cognizable under the Declaratory Judgments Act, 42 Pa. C.S.A. §7531 et seq. Defendant Balinski offers the additional argument that he is merely a witness to this action and he should not have been joined as a defendant.

## JURISDICTION

Defendants argue that the legislature has vested the Bureau of Workmen's Compensation with exclusive jurisdiction of all matters relating to the Workmen's Compensation Act, and that the court of common pleas is thus not a competent tribunal for the determination of the compensability of Balinski's injuries.

In American Casualty Co. of Reading v. Kligerman, 365 Pa. 168, 74 A. 2d 169 (1950), the Supreme Court was faced with the issue of a court's

competency to decide a challenge to the validity of a compensation agreement which had been reached by an insurer, an employer, and the widow of a deceased employe. It was held that the court of common pleas did not have jurisdiction, the court finding that only the Workmen's Compensation Board may decide the validity of such an agreement. The court emphasized that the question of the validity of the agreement was a mixed question of fact and law, and that review of such agreements had been committed to the board by the *express* provisions of 77 P.S. § 771. The court continued as follows at 172-73, 74 A. 2d at 172:

"A reading of the statute and its many amendments makes it manifest that the legislation relating to workmen's compensation was designed and intended to establish exclusive jurisdiction, practice and procedure in all matters pertaining to such subject matter . . . The common pleas court below, therefore, possessed no jurisdiction to entertain a petition for a declaratory judgment in a workmen's compensation case, especially relating to an approved agreement for compensation filed in the Bureau of Workmen's Compensation . . . A declaratory judgment is an inappropriate remedy in a workmen's compensation case. It is not an optional substitute for established and available remedies, especially where another statutory remedy has been specifically provided. . . ." (Citations omitted.)

A similar result was reached in Iacaponi v. New Amsterdam Casualty Co., 258 F. Supp. 880 (W.D. Pa. 1966), the court again emphasizing that questions as to the validity of compensation agreements were subject to the specific language of 77 P.S. § 771.

These cases are distinguishable from the instant case. In this case it is concluded that this court is a proper tribunal for the determination of the compensability of Balinski's injuries.

Both American Casualty and Iacaponi dealt with the review of compensation agreements. Section 771 expressly provided for such review by the board. There is no similar provision relating to the determination of compensability, and we view the absence of such a provision as significant.

"In answering this question we must adhere to the established principle that any act of the legislature said to limit the jurisdiction of a court must be strictly construed. See 1 Pa.C.S. §1921. . . . In other words, if the legislature's intention to limit jurisdiction is not clear, we should construe the act in question as imposing no limitation." (Citations omitted.) In Re Jones & Laughlin Steel Corp., 263 Pa. Superior Ct. 378, 388, 398 A. 2d 186, 191 (1979).

Another important distinction between the instant case and American Casualty is that Erie has no alternative tribunal in which to prosecute its claim. The above quoted language from American Casualty indicates that "established and available remedies" cannot be ignored by filing a petition for declaratory judgment. Here Erie is not seeking declaratory relief as an "optional substitute" to a statutory remedy because Erie has no alternative remedy. In Rhodes v. Automotive Ignition Co., 218 Pa. Superior Ct. 281, 275 A. 2d 846 (1971), the court held that an insurer-subrogee was not entitled to intervene in proceedings under the Workmen's Compensation Act. When read in conjunction with 77 P.S. §751, which provides that only the employe and/or his dependents may file a claim

under the act, it becomes clear that the statutory system does not provide Erie with any type of access to an administrative tribunal. The problem of evasion of statutory remedies is thus not an issue here, and American Casualty is not controlling.

Defendants also assert that 77 P.S. §481 precludes our adjudication of compensability. This section provides as follows:

"(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death. . . ."

This court interprets this section as providing for exclusiveness of *remedy,* not of jurisdiction. Since Erie is attempting to establish only the liability provided for in the act, section 481(a) is not violated. This interpretation is consistent with Turner v. Southeastern Pennsylvania Transportation Authority, 256 Pa. Superior Ct. 43, 389 A. 2d 591 (1978), which held that section 481(a) prohibited a suit against the employer based on the No-fault Act. Thus, the Superior Court simply reaffirmed the rule that the Workmen's Compensation Act provides the sole *type* of liability to which employers are exposed. Since Erie would have us decide only such statutory liability, to do so would not deny defendants the protections of the "exclusiveness" provisions of the Workmen's Compensation Act.

Defendants' final jurisdictional argument is based on the doctrine of primary jurisdiction, inasmuch as defendants assert that this court should defer to the administration expertise of the Bureau

of Workmen's Compensation. We agree that a court may grant a stay pending administrative action in a compensation case: Greer v. U.S. Steel Corp., 475 Pa. 448, 380 A. 2d 1221 (1977); Boniecke v. McGraw-Edison Co., 485 Pa. 163, 401 A. 2d 345 (1979). We also note, however, that the doctrine of primary jurisdiction is a flexible doctrine and that not all cases will warrant judicial deference: Com. v. Bethlehem Steel Corp., 469 Pa. 578, 367 A. 2d 222 (1976). In deciding whether it is proper to defer to an agency, several factors must be weighed. One such factor which can be seen in American Casualty, supra, is that the creation of an adequate statutory remedy may indicate that the legislature intended that certain disputes should be resolved by the proper agency. Several recent decisions reaffirm the notion that the court lacks jurisdiction where such a remedy is provided. See Interstate Traveller Services, Inc. v. Com., 38 Pa. Commonwealth Ct. 9, 391 A. 2d 1112 (1978); Gerek Appeal, 41 Pa. Commonwealth Ct. 1, 398 A. 2d 237 (1979). Another factor which is significant is the complexity of the facts of a case. In Bethlehem Steel, supra, the court held as follows at 594, 367 A. 2d at 230:

"The doctrine [of primary jurisdiction] reflects a principle: '. . . that in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created . . . for regulating the subject matter should not be passed over.' Far East Conference v. United States, 342 U.S. 570, 574, 72 S.Ct. 492, 494, 96 L.Ed. 576 (1952)."

With these factors in mind, this court finds that the present case is not one warranting judicial deference. As we have noted, Erie does not have an

adequate statutory remedy since Erie has no access to the Bureau's procedures. In addition, this case does not involve complex factual determinations "not within the conventional experience" of this court. For both of the above reasons, we find that the instant case is wholly dissimilar to that before the Greer court. We therefore reject defendant's argument that the doctrine of primary jurisdiction precludes the adjudication of the present case by this court.

## STANDING

Defendants' challenge to Erie's standing is based upon defendants' interpretation of 40 P.S. § 1009.106(a)(3). This section provides that a no-fault insurer is entitled to reimbursement from a workmen's compensation carrier which is "obligated to pay or provide" compensation benefits. Defendants assert that Erie's right to reimbursement would not become enforceable unless defendants were *adjudicated* to be obligated to pay compensation benefits to Balinski. Since defendants argue that this court cannot make such an adjudication, they conclude that Erie has no legally cognizable right in this action and that Erie therefore lacks standing.

We feel that our resolution of the jurisdiction issue obviates extended analysis of defendants' objections as to standing. Since we have concluded that this court is competent to determine whether Lord and Liberty Mutual are obligated to pay Balinski, it is clear that Erie is here seeking an adjudication of its own rights and not merely those of Balinski. Thus, Erie is a party in interest in this action.

## DECLARATORY JUDGMENTS ACT

The final objection raised by all defendants is that this action is not cognizable under the Declaratory Judgments Act, 42 Pa.C.S.A. §7531 et seq. The only support provided for this position is that this relief is unavailable where exclusive jurisdiction lies with "a tribunal other than a court." 42 Pa.C.S.A. §7541(c). For the same reasons given in our discussion of jurisdiction, we find this argument to be without merit.

## BALINSKI'S OBJECTION

Balinski argues that he is merely a witness to this action and should not have been joined as a defendant. We disagree.

It is possible that an adjudication of compensability could result in Balinski's being personally liable to Erie. If it were to be found that Balinski has received group policy benefits from Liberty Mutual (as alleged by Erie), then such benefits would be viewed as workmen's compensation benefits in the event of a determination of compensability: 77 P.S. §671. Since Balinski would then be found to have "actually received" compensation benefits, he could be found to be liable to Erie for reimbursement: 40 P.S. §1009.106(a)(3). Balinski's rights are therefore at issue. He is not a mere witness and was properly joined as a defendant.

## CONCLUSION

This court is an appropriate tribunal for the resolution of this action. Erie has standing to bring this suit, and all defendants are properly parties to the action. The action is appropriate for declaratory

relief. Therefore, preliminary objections of all defendants will be overruled.

## ORDER

And now, September 18, 1980, it is ordered and decreed that the preliminary objections of all defendants are overruled.