542 A.2d 1051

In Re: Ordinance No. 1-9-86, Logan Township, Blair County, Pennsylvania. Ward Enterprises, Inc., Appellant.

Argued April 19, 1988, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Beverly J. Mears,* with her, *Charles P. Wasovich* and *Alexander A. Notopoulos, Goodman, Notopoulos, Silverman, Croyle, Wasovich & Mears,* for appellant.

*Karen L. Steele, Leopold, Eberhardt & Goldstein,* for appellee.

OPINION BY SENIOR JUDGE KALISH, June 8, 1988:

Appellant, Ward Enterprises, Inc., appeals an order of the Court of Common Pleas of Blair County which sustained the preliminary objections of appellee, Township of Logan (Township), and dismissed appellant's complaint. We affirm.

On January 9, 1986, the Board of Supervisors of Logan Township passed an ordinance regulating the use and location of storage trailers within the Township. Appellant filed a complaint in the common pleas court pursuant to section 702, cl.XXV of The Second Class Township Code (Code), Act of May 1, 1933, P.L. 103, *as amended,* added by the Act of April 27, 1945, P.L. 319,

*as amended,* 53 P.S. §65741, to have the ordinance declared invalid. The Township filed preliminary objections challenging the court's subject matter jurisdiction. The trial court sustained the preliminary objections and dismissed the complaint.

The issue before this Court involves the interpretation of section 702, cl. XXV of the Code, 53 P.S. §65741. That section deals with the manner in which powers of the Township shall be carried out in the enactment of an ordinance. It provides, *inter alia:*

> In any case in which maps, plans, or drawings of
> any kind are adopted as part of an ordinance, the
> supervisors may, instead of publishing the same
> as part of the ordinance, refer in publishing the
> ordinance to the place where such maps, plans
> or drawings are on file and may be examined.

The trial court found that no map, plan or drawing was adopted with the ordinance and that the Township therefore was not compelled to attach such maps, plans or drawings to the ordinance. The court concluded that appellant failed to raise a procedural issue to which its jurisdiction is limited.

Appellant contends that the court erred in finding that the complaint raised no procedural issue and that the court had no subject matter jurisdiction. The Township argues that the objections raised by appellant are of a substantive nature and that the purpose of the proceedings under 53 P.S. §65741 is to question the procedure involved in the adoption of an ordinance and not to decide substantive issues. Therefore, the issue before us on appeal is whether the defect is procedural or substantive in nature.

Pursuant to Pa. R.C.P. No. 1017(b)(1), a party may use preliminary objections in the nature of a petition raising a question of subject matter jurisdiction. The trial court's function is to determine whether the law

will bar recovery due to lack of subject matter jurisdiction. In *Roeder v. Hatfield Borough Council,* 439 Pa. 241, 266 A.2d 691 (1970), our Supreme Court, in construing sections or ordinances containing language similar to 53 P.S. §65741, stated that "we have consistently held that the only questions the court . . . can consider relate to defects in the process of enactment of the ordinance and that it has no jurisdiction to decide substantive issues concerning the ordinance's validity." *Id.* at 245, 266 A.2d at 694. As the Court indicated, the purpose is to provide a fast and efficient method of questioning the procedure involved in the adoption of an ordinance.

While the failure to attach a map, plan or drawing may affect the substantive issue of whether the ordinance is unconstitutionally vague, it has no procedural effect on the mechanics used in enacting the ordinance. Appellant was not deprived of a legal remedy when the proper procedure was followed. Indeed, the record shows that appellant has instituted an action for a declaratory judgment in which it does raise the substantive issue of vagueness.

Accordingly, we affirm the order of the trial court.

ORDER

Now, June 8, 1988, the order of the Court of Common Pleas of Blair County, No. 285 C.P. 1986, dated March 25, 1987, is affirmed.