604 A.2d 1149

**KIMMEL TOWNSHIP TAXPAYERS ASSOCIATION, an unincorporated association, Appellant,**

v.

**CLAYSBURG KIMMEL SCHOOL DISTRICT, Appellee.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 15, 1991.

Decided Feb. 26, 1992.

58

Arthur Cohen, for appellant.

Clyde O. Black and Amy E. Orr, for appellee.

Before CRAIG, President Judge, PALLADINO, J., and BARRY, Senior Judge.

BARRY, Senior Judge.

■ The Kimmel Township Taxpayers Association (KTTA)[1] appeals from an order of the Court of Common Pleas of Blair County which sustained preliminary objections of the Claysburg Kimmel School District (the District). The trial court held that it was without jurisdiction to hear KTTA's request for an injunction because of the District's alleged non-compliance with the requirements of Act 34.[2] On appeal, KTTA argues that budgetary constraints caused

---

1. The trial court correctly noted that, as an unincorporated association, KTTA is required by Pa.R.C.P. 2152, 42 Pa.C.S., to bring this action in the name of a member or members as trustee ad litem. The trial court granted KTTA leave pursuant to Pa.R.C.P. 1033, 42 Pa.C.S., to correct this defect by amendment. The docket entries do not reflect any such amendment to cure this defect. Amendments to the pleadings to correct the name of a party, however, may be made even after an appeal has been taken. *Sullivan v. Allegheny Ford Truck Sales,* 283 Pa.Superior Ct. 351, 423 A.2d 1292 (1980). In view of the liberal policy regarding this type of amendment, we will not quash this appeal due to the Rule 2152 defect.

2. The Act of June 27, 1973, P.L. 75, No. 34, § 1, 24 P.S. §§ 7–701.1, amended the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101—27-2702.

the Commonwealth Department of Education (DOE) to abdicate its responsibility to oversee the District's activities, which required the court of common pleas to employ its equity powers to intervene. Unpersuaded by KTTA's argument, we affirm.

The factual and procedural history of this case may be summarized as follows. The District proposed construction of a new elementary school. Pursuant to Act 34, the District held a public hearing on December 12, 1990. On January 10, 1991, KTTA petitioned DOE to order the District to reconvene the Act 34 hearing or to conduct its own hearing. DOE denied KTTA's request on March 15, 1991. Thereafter, KTTA sought an injunction prohibiting further action on the construction of the elementary school in the Court of Common Pleas of Blair County.

KTTA's complaint raised three issues: that the District has not complied with Act 34 because it failed to include the architectural drawings of the proposed school in the documentation submitted to the DOE and made available to the public; that the District has prohibited public participation at their meetings in violation of the First and Fourteenth Amendments to the United States Constitution; and that the Kimmel Township Taxpayers are subjected to unequal taxation. The District filed preliminary objections attacking the trial court's jurisdiction to hear the Act 34 grievances, challenging venue as to the claimed inequitable tax burden and demurring to, or in the alternative, requesting a more specific pleading of, the alleged constitutional violations. KTTA agreed that venue was more appropriate in Bedford County for the inequitable tax burden claim. The trial court entered an order granting the District's motion to strike the inequitable tax claim but giving KTTA leave to refile the claim if the Bedford County Court refused to hear it on the merits.[3] It deferred a ruling on the District's demurrer to the claimed constitutional violations until

3. The Claysburg Kimmel School District covers portions of both Blair and Bedford County. Kimmel Township is located in Bedford County.

KTTA filed a more specific amended complaint, and granted the District's motion to strike the Act 34 grievances due to a lack of subject matter jurisdiction. KTTA appeals only the portion of the order striking the Act 34 grievances.

■ Although neither party has raised the issue, we must initially determine if this appeal is properly before us. The appellate jurisdiction of this Court is determined by statute and includes final orders of the courts of common pleas in cases "arising under any ... public school ... code ... or where is drawn in question the application, interpretation or enforcement of any statute regulating the affairs of political subdivisions, municipality and other local authorities...." 42 Pa.C.S. § 762(a)(4)(i)(A). A school district is a political subdivision. 1 Pa.C.S. § 1991. Thus, if this is a final order, it is properly before us because it arises under Act 34, both part of the public school code and a statute governing the affairs of a political subdivision.

■ Orders which sustain preliminary objections and dismiss a complaint are final appealable orders. *Gasbarini's Estate v. Medical Center of Beaver County, Inc., Rochester Division*, 487 Pa. 266, 409 A.2d 343 (1979). KTTA's complaint, however, has not been dismissed; the Act 34 basis for the injunction sought has been stricken. The precise question thus presented is whether an order which sustains a preliminary objection on jurisdictional grounds and strikes the averments which form one basis for the relief sought is final and appealable when the order allows the action to go forward on another basis seeking identical relief.

In somewhat similar circumstances, the Superior Court has held that an order which enters summary judgement on one cause of action but allows other causes of action to proceed is final and appealable; however, if the order merely strikes an alternative theory of relief rather than a separate cause of action, it is interlocutory. *Praisner v. Stocker*, 313 Pa.Superior Ct. 332, 459 A.2d 1255 (1983) (en banc). Separate causes of action usually request different

relief for different harms. *Trackers Raceway v. Comstock Agency, Inc.,* 400 Pa.Superior Ct. 432, 583 A.2d 1193 (1990) (en banc). "Alternate theories of recovery are different means for obtaining the same relief for the same harm caused by the same party." *Id.,* 400 Pa.Superior Ct. at 438, 583 A.2d at 1196. Here that distinction is not truly applicable because we are presented with a hybrid. KTTA seeks the same relief to remedy two different harms caused by the same party: an injunction to prevent both the alleged violation of Act 34 and the alleged deprivation of their rights under the United States Constitution by the District. To the extent that KTTA is denied a remedy to the harm allegedly brought about by a violation of Act 34, this order strikes a separate cause of action. We recognize that this order puts KTTA out of court on its Act 34 claim and hold that it possesses sufficient aspects of finality to be appealable. See, Pa.R.A.P. 341 (Official Note), 42 Pa.C.S. and *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975) (order denying class action status is sufficiently final for appeal).

■ When reviewing orders disposing of preliminary objections, our standard of review is clear. For purposes of preliminary objections, well pled factual averments of the complaint are admitted; conclusions of law are not. *Clearview Land Development Co., Inc. v. Kassab,* 24 Pa.Commonwealth Ct. 532, 357 A.2d 732 (1976). When preliminary objections raise a question of subject matter jurisdiction, "[t]he trial court's function is to determine whether the law will bar recovery due to a lack of subject matter jurisdiction." *Appeal of Ward Enterprises, Inc.,* 116 Pa.Commonwealth Ct. 640, 642–43, 542 A.2d 1051, 1053 (1988) (citation omitted).

■ The trial court held that KTTA has alternative administrative remedies to its complaint for injunction to prevent violation of Act 34. *Flaharty v. School Directors of Eastern School District,* 17 Pa.Commonwealth Ct. 637, 334 A.2d 310 (1975) is controlling on this point. Equity has no jurisdiction when an adequate remedy at law exists and

the administrative process provides an opportunity to question the validity of an Act 34 hearing by request that DOE order a new Act 34 hearing or conduct its own hearing. *Id.*, 17 Pa.Commonwealth Ct. at 641, 334 A.2d at 312. The administrative process is not finalized until the DOE gives final approval of the construction project. *Id.*

We recognize that KTTA has sought and been denied a hearing by the DOE at this time. KTTA argues that a lack of funds has forced the DOE to abdicate its responsibility in this matter. KTTA characterizes the administrative remedy which the law requires it to pursue as a "non-process" due to fiscal difficulties, thus requiring equity to intervene because "the agency is unable to administer". (Appellant's brief at 7). We disagree. DOE has not refused to act upon KTTA's request; it has denied the relief requested. Moreover, dissatisfaction with the DOE decision is not to be litigated in the courts of common pleas. Once DOE has rendered a final decision on the construction project, an adjudication will have been made and an appeal of that decision will lie directly to this Court. *Weder v. Pennsylvania Department of Education*, 27 Pa.Commonwealth Ct. 328, 365 A.2d 438 (1976). Until that time, the courts will not prematurely interfere with the administrative process.

Affirmed.

## ORDER

NOW, February 26, 1992, the order of the Court of Common Pleas of Blair County, dated May 9, 1991, at Civil Action—In Equity, No. 3763 C.P.1991, is affirmed.