625 A.2d 1343

**NORTH POCONO TAXPAYERS ASSOCIATION, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT of COMMUNITY AFFAIRS, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Dec. 15, 1992.

Decided June 1, 1993.

Edward S. Neyhart, for petitioner.

No appearance, for respondent.

Paul B. Kerrigan, for intervenor North Pocono School Dist.

Before DOYLE and PELLEGRINI, JJ., and SILVESTRI, Senior Judge.

DOYLE, Judge.

North Pocono Taxpayers Association (Association) appeals from an order of the Secretary of the Department of Community Affairs (DCA) which dismissed its complaint that challenged the validity of a proposed bond issue filed by the North Pocono School District (District).

The case history is as follows. On May 28, 1992, the District voted to incur nonelectoral debt in the amount of $10,310,000.00 pursuant to a bond issue to provide funds to finance the costs of various capital projects in the District.[1] On June 3, 1992, the District filed an application with the DCA for approval. On June 17, 1992, the Association filed a complaint with the DCA pursuant to Section 901 of the Local Government Unit Debt Act (Debt Act),[2] challenging the validity of the proposed bond issue. After a hearing, the Presiding Officer of the DCA, in a report dated July 21, 1992, rejected

1. The resolution to incur nonelectoral debt, adopted at the meeting held May 28, 1992, stated that the bond issue would provide funds for the District to finance:

 i. capital projects in the School District, consisting of improvements to the high school, construction of a new elementary school and various other improvements to school facilities and

 ii. the payment of the costs of issuing the bonds, or any or all of the same (the "Project").

2. Act of July 12, 1972, P.L. 781, *as amended*, 53 P.S. § 6780–401. Section 901(b) of the Debt Act, 53 P.S. § 6780–401(b), limits DCA's review to determining (1) the regularity of the proceedings, (2) the validity of the bonds, and (3) the legality of the purpose for which the bonds are issued. *Bethel Park Citizens v. Department of Community Affairs*, 128 Pa.Commonwealth Ct. 439, 563 A.2d 969 (1989).

all of the Association's allegations of error. This report was affirmed and adopted by the Secretary in an order dated July 21, 1992. Thereafter, the Association appealed the dismissal to this Court.

On appeal to this Court,[3] the Association first argues that the Presiding Officer erred in determining that the published newspaper advertisements for the District's meeting held on May 28, 1992, at which time it voted to authorize the bond issue, were sufficient under the Debt Act. The Association maintains that the published notice announcing the May 28, 1992, hearing did not provide the citizens with sufficient information because the summary of the resolution in the published advertisements failed to contain a description of the projects to be financed.

Section 103 of the Debt Act, 53 P.S. § 6780–3, requires that a published advertisement contain "a summary of the contents of the ordinance," and that a copy of the full text be available to the public. It is the resolution's text, not the published advertisement, that requires "a brief description of the project." *See* Section 403(1)(i) of the Debt Act, 53 P.S. § 6780–153(1)(i) (requiring simply "[a] brief description of the project for which the debt is to be incurred" within the resolution). We have reviewed the record and conclude these public advertisements were adequate. In addition to addressing the legality of the published advertisements, the Presiding Officer concluded that:

> Taxpayers interested in obtaining more information could easily review a copy of the proposed resolution. The [Association's witnesses] in the instant case testified that they made no effort to visit the district office to view the record until six weeks after the final passage of the resolution.

3. In an appeal from a DCA action under the Debt Act, our standard of review is restricted to whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Property Owners, Residents and/or Taxpayers of Pleasant Valley School District v. Pleasant Valley School,* 100 Pa.Commonwealth Ct. 513, 515 A.2d 85 (1986).

We agree with this conclusion and find the Association's first argument without merit.

■ The Association next argues that the Presiding Officer erred in determining that the resolution authorizing the bond issue was made available to the public as required by Section 403 of the Debt Act, 53 P.S. § 6780–153 (pertaining to the contents of resolutions authorizing the issuance of bonds). The Association takes issue with the regularity of the proceedings, asserting that the public was told that the resolution was kept with the School Board Secretary when, in fact, the Secretary did not have possession of the document. The Association concludes that the resolution and a public hearing were denied to the citizens of the District.

The Presiding Officer found that:

Five different witnesses testified on this issue. None of those witnesses testified that they requested and were refused a copy of the resolution. Three of the witnesses never made any attempt to secure a copy of the resolution.

Two of the witnesses attempted for the first time to secure a copy of the resolution on Thursday, July 16, 1992. The meeting at which the resolution was passed was held on May 28, 1992.

The second advertisement of the resolution required by the Act was published on June 1, 1992. The Petition alleging the refusal to produce a copy of the resolution was received by the Department on June 17, 1992.

. . . .

Even the two witnesses who attempted to secure the resolution on July 16 did not testify that they were refused, however. . . . The secretary apparently was attempting to secure a copy when the witnesses left, indicating that they would first review the material that was provided. They never returned.

Presiding Officer's Opinion at 3. Our review of the record confirms these findings and we conclude that the Presiding Officer's decision denying the Association's request for relief

was consistent with the Debt Act and supported by substantial record evidence.

■ The Association also alleges that the Presiding Officer improperly concluded that the cost estimates and useful life determinations were proper where the project defined by the resolution was different than the actual project for which the funds were to be disbursed.[4] It is the Association's position that the conflict between the project described by the District on the date of the hearing before the DCA and the project as defined by the resolution renders the bond issue invalid.

Our review of the record supports the conclusion that the cost estimates were correct. With respect to work on the District's high school, the resolution provides that the bonds can be used to fund "any or all of the same" individual projects referred to in the resolution. The District, therefore, has the discretion not to fund the high school project with the bond issue proceeds. Moreover, uncontroverted testimony establishes that the only construction projects the District intended to undertake with the bond issue were two (2) elementary schools. These cost estimates were unchallenged by the Association at the DCA hearing. As to the Association's assertion concerning the useful life of the project, our review of the record reveals that the Association presented no evidence at the hearing on this issue and, accordingly, we find the assertion meritless.

■ Next, the Association argues that the Presiding Officer erred in refusing to allow the Association to present certain documents and testimony concerning prior bond issues by the District.

4. As stated *supra*, the resolution provided that the projects to be funded included "(i) capital projects in the School District, consisting of improvements to the high school, construction of a new elementary school and various other improvements to school facilities and (ii) the payment of the costs of issuing the bonds, or any or all of the same (the "Project"). At the DCA hearing, witnesses testified and cost estimates were presented indicating that the projects to be funded included only construction of one elementary school and repair to another elementary school. No work would be done on the District high school from the funds of the 1992 bond issue.

As we have already stated, the Debt Act limits the DCA's review to determining (1) the regularity of the proceedings, (2) *the validity of the bonds,* and (3) the legality of the purpose for which the bonds are issued. *Bethel Park.* (emphasis added). In the present case, the Association proffered no evidence that would attack the validity of the District's 1992 bond issue. The evidence that the Association did offer was not relevant to the validity of the 1992 bond issue. The only bonds at issue now are the 1992 bonds. Thus, we find that the Presiding Officer properly excluded evidence concerning other bond issues by the District.

 Last, the Association asserts that the Presiding Officer erred in failing to allow the presentation of evidence regarding alleged fraudulent misrepresentation and misleading statements contained in a prospectus which was adopted as an accurate statement of the financial information in the resolution authorizing the issuance of the bonds. The Association alleges that the prospectus contains false and misleading information because it refers to work on the high school. The Presiding Officer concluded that the contents of the prospectus could not be part of the proceeding because it is not filed with the DCA, nor does the Debt Act require it to be so filed.[5]

We hold that the Presiding Officer correctly rejected the proffered evidence. The prospectus was not required to be filed with the DCA and did not come within the DCA's limited scope of review. *Bethel Park.* Accordingly, we affirm the Presiding Officer's decision on this point and we affirm the

5. The Presiding Officer in his opinion stated:

Finally, it is contended that the prospectus issued by the district "contained false and misleading information." The only evidence provided concerning errors in this document, is that it contained references to the proposed high school portion of the project. The contents of this document, however, cannot be a part of this proceeding. The document is not filed with the [DCA], and is not required by the [Debt Act] to be filed. The resolution filed by the District contains a brief reference to the "Preliminary Official Statement", [sic] or prospectus, but only to indicate that the document was approved as required by other statutes. If a problem does exist with this document, it must be pursued elsewhere.
Presiding Officer's Opinion at 5.

order of the Secretary of the Department of Community Affairs.

## ORDER

NOW, June 1, 1993, the order of the Secretary of the Department of Community Affairs in the above-captioned matter is hereby affirmed.