Bernard V. O'HARE, III, Joseph S. De-Raymond, William H. Hummel, Bernard J. Berg, and James E. Byrne, Appellants,

v.

## COUNTY OF NORTHAMPTON.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 7, 2001.

Decided July 30, 2001.

---

Brian M. Monahan, Easton, for appellants.

William P. Leeson, Bethlehem, for appellee.

Before SMITH and KELLEY, Judges, and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Bernard V. O'Hare, III, Joseph S. DeRaymond, William H. Hummel, Bernard J. Berg and James E. Byrne (collectively, Appellants) appeal from the August 28, 2000 order of the Court of Common Pleas of Northampton County (trial court) that sustained the preliminary objections of the County of Northampton (County) and dismissed their complaint in declaratory judgment with prejudice. We are asked to consider whether the trial court properly dismissed Appellants' complaint for lack of subject matter jurisdiction. We affirm in part and reverse in part.

On July 13, 2000, Appellants filed a complaint in declaratory judgment against the County, alleging as follows: on June 1, 2000, two members of the Northampton County Council (Council) introduced proposed Ordinance Number 350 and Bill Number 371 (bond ordinance). The bond ordinance was passed on June 15, 2000, signed by the County Executive on June 16, 2000 and became effective on July 16, 2000.

The bond ordinance provided for up to $125,000,000.00 in capital improvements to be financed by 30–Year Series 2000 bonds issued by the Northampton County General Purpose Authority (Authority). The capital improvement projects included county general improvement projects and authority economic development projects. According to Appellants, the bonds resulted in a debt service of $254,360,000.00 to the county taxpayers.

In their complaint, Appellants alleged that the authority economic development projects were for the benefit of private enterprises and constituted the use of public resources for the benefit of private endeavors. They further alleged that Council failed to provide the public with any plans or realistic costs for the proposed projects and that the bond ordinance impermissibly provided that it could be used to authorize the expenditure of funds not identified by it and committed the county taxpayers to pay $254,360,000.00 over the next thirty years without obtaining realistic cost estimates. The eight-count complaint challenges the bond ordinance under the Pennsylvania Constitution, the Northampton County Home Rule Charter,[1] the Municipal Authorities Act (MAA),[2] the Sunshine Act,[3] and the Local Government Unit Debt Act (Debt Act).[4],[5]

---

1. 348 Pa.Code §§ 1.1–101–1.13–1311.

2. Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §§ 301–401.

3. 65 Pa.C.S. §§ 701–716.

4. 53 Pa.C.S. §§ 8001–8271.

5. The complaint set forth eight causes of action: Count I-the bond ordinance violated the Pennsylvania Constitution because it devoted public funds for private enterprises; Count II-it violated Council's fiduciary duties to the taxpayers; Count III-it violated the Northampton County Home Rule Charter because Council failed to provide the required notice

On August 2, 2000, the County filed preliminary objections to Appellants' complaint, alleging that the trial court lacked subject matter jurisdiction because Section 8211(d) of the Debt Act, 53 Pa.C.S. § 8211(d), vests the Department of Community and Economic Development (Department) with jurisdiction over Appellants' claims. The trial court agreed, and this appeal followed.[6]

Section 8211(d) of the Debt Act, 53 Pa. C.S. § 8211(d), provides that

[t]he [D]epartment has exclusive jurisdiction to hear and determine all procedural and substantive matters arising from the proceedings of a local government unit taken under this subpart, including regularity of the proceedings, the validity of the bonds, notes, tax anticipation notes or other obligations of the local government unit and the legality of the purpose for which the obligations are to be issued.... A determination by the [D]epartment under this subpart shall, except as provided in this subsection, be conclusive and binding as to all procedural and substantive matters which were or could have been presented to the [D]epartment hereunder. All determinations by the [D]epartment under this subpart are reviewable as provided in 2 Pa.C.S. [Chapter 7] (relating to judicial review).

"The Debt Act provides a means by which taxpayers and other interested parties may challenge the validity of the proceedings in which a local government unit incurs bonded debt." *Simonetti v. Department of Community Affairs*, 651 A.2d 626 (Pa.Cmwlth.1994). Challenges are narrowly circumscribed, restricting inquiry into procedural and substantive matters arising from the proceedings of the local government unit taken pursuant to the Debt Act and involving only: (1) the regularity of the proceedings; (2) the validity of the bonds; and (3) the legality of the purpose for which such obligations are to be issued. 53 Pa.C.S. § 8211(d); *Simonetti*. The Debt Act is concerned exclusively with compliance by the local government unit with the steps taken to gain approval of a bond issue. *Simonetti*.

I.

In the case before us, the trial court determined that Counts I, II, III, V, VII, and VIII are within the Department's jurisdiction. We agree.

Specifically, Count I of Appellants' complaint alleged that the bond ordinance was in violation of Article 3, Section 32, and Article 9, Section 9, of the Pennsylvania Constitution because it appropriated public funds for private endeavors. PA. CONST. art. 3, § 32; art. 9, § 9.[7] Count II

of the proposed ordinance; Count IV-it violated the MAA; Count V-it should have been stricken because it was so vague and uncertain that the intent of Council could not be ascertained with any degree of reasonable certainty; Count VI-it violated the Sunshine Act; and Counts VII and VIII-it violated Sections 8006 and 8005 of the Debt Act, 53 Pa.C.S. §§ 8006, 8005 respectively.

**6.** When reviewing orders disposing of preliminary objections, our standard is clear: well-pled factual averments of the complaint are admitted; conclusions of law are not. *Kimmel Tp. Taxpayers Ass'n v. Claysburg Kimmel*

*Sch. Dist.*, 146 Pa.Cmwlth. 57, 604 A.2d 1149 (1992). When preliminary objections raise a question of subject matter jurisdiction, "[t]he trial court's function is to determine whether the law will bar recovery due to a lack of subject matter jurisdiction." *Id.* at 1152 (quoting *In Re Ordinance No. 1–9–86*, 116 Pa.Cmwlth. 640, 542 A.2d 1051, 1053 (1988)).

**7.** Article 3, Section 32, sets forth limitations for the General Assembly on the passage of local or special laws. PA. CONST. art. 3, § 32. Article 9, Section 9, prohibits the General Assembly from authorizing any municipality to obtain or appropriate money to any corpo-

alleged that the bond ordinance exceeded the powers vested in the County and that the County violated its fiduciary duty to its taxpayers. Both counts, in essence, challenged the legality of the bond ordinance. The clear language of Section 8211(d) of the Debt Act reserves jurisdiction over such claims with the Department.

■ In Count III of the complaint, Appellants averred that the County failed to comply with the notice requirements of its Home Rule Charter. Section 1.6–602(b) of the Home Rule Charter requires that the County distribute copies of proposed ordinances to libraries. 348 Pa.Code § 1.6–602(b). Section 1.6–602(d) requires that a proposed ordinance be published in two newspapers of general circulation. 348 Pa. Code § 1.6–602(d). Appellants complained that several libraries were not provided with copies of the bond ordinance and that the publicized summary of the ordinance did not include an essential provision of it.

Appellants complain that the Department does not have the expertise to interpret the County's Home Rule Charter. However, the Department's jurisdiction includes issues relating to the process necessary to gain approval of the bond ordinance. *Simonetti*. The issue of whether the County properly followed the procedures of its Home Rule Charter is directly related to the regularity of the proceedings giving rise to the bond ordinance.

■ Count V of Appellants' complaint alleged that the bond ordinance was vague and uncertain because it was impossible to ascertain Council's intent with any certainty. This claim, once again, challenged the validity of the bond ordinance, which is within the Department's jurisdiction.

In *Lilian v. Commonwealth*, 467 Pa. 15, 354 A.2d 250 (1976), our Supreme Court reiterated that where an administrative remedy is statutorily prescribed, the general rule is that a court, be it a court of equity or law, is without jurisdiction to entertain the action. *See also In re Enactment of an Ordinance Increasing Indebtedness*, 41 Pa.Cmwlth. 1, 398 A.2d 237 (1979). Section 8112(d) of the Debt Act reserves to the Department jurisdiction over challenges to the regularity of the proceedings, the validity of the bonds and legality of their purpose. As such, the trial court was correct in its determination that it lacked subject matter jurisdiction to entertain Counts I, II, III, and V of Appellants' complaint.

■ Counts VII and VIII of Appellants' complaint alleged that the bond ordinance violated Sections 8006 and 8005 of the Debt Act, 53 Pa.C.S. §§ 8006, 8005, respectively. Appellants now agree with the trial court that the Department has jurisdiction over these causes of action. They maintain, however, that it erred in dismissing the causes of action rather than transferring the complaint to the Department pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a).[8]

---

ration, association, institution or individual. PA. CONST. art. 9, § 9.

**8.** Section 5103(a) provides that:
  If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or district justice shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or

other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth....
42 Pa.C.S. § 5103(a). As used in Section 5103(a), the term "tribunal" means a court or district justice or other judicial officer vested with the power to enter an order in a matter. 42 Pa.C.S. § 5103(a). In *Conners v. Finnegan*, 154 Pa.Cmwlth. 284, 623 A.2d 891

In its brief to this Court, the County has reported that the Department has exercised jurisdiction over Counts VII and VIII and that a decision is pending. Therefore, we conclude that the trial court's failure to transfer the causes of action to the Department did not prejudice Appellants. We now turn to Counts IV and VI of Appellants' complaint.

## II.

Count IV of Appellants' complaint alleged that the bond ordinance violated the MAA and Count VI alleged that the bond ordinance was enacted in violation of the Sunshine Act. We disagree with the trial court that it lacked subject matter jurisdiction over these causes of action.[9]

In Count IV of their complaint, Appellants alleged that the bond ordinance is in violation of the MAA. Pursuant to the bond ordinance, the Authority was to issue the bonds to the County to assist in the financing and undertaking of the various improvement projects.

Section 2 of the MAA, 53 P.S. § 302, defines an "authority" as "a body politic and corporate, created pursuant to this act...." Municipal authorities are not creatures, agents or representatives of the municipalities that organize them but are independent agencies of the commonwealth. *Commonwealth v. Erie Metro. Transit Auth.*, 444 Pa. 345, 281 A.2d 882 (1971). Thus, the Authority and the County are separate legal entities and derive their authority from different statutes.

Section 4B(i) of the MAA, 53 P.S. § 306B(i), grants an *authority* the power to issue negotiable notes, bonds, refunding bonds, and other evidence of indebtedness or obligations of the authority. The Authority, in issuing bonds, acts in accordance with its power under the MAA; the County incurs indebtedness in accordance with the Debt Act.

In order to challenge the bond ordinance under the MAA, Appellants must also challenge the actions of the Authority. The Debt Act, however, does not authorize the Department to review the actions of authorities, but only local government units.[10] 53 Pa.C.S. § 8211(d). Therefore, the trial court erred in determining that it lacked subject matter jurisdiction over Count IV of Appellants' complaint.

Nonetheless, the trial court properly dismissed Count IV because Appellants failed to join the Authority as a party to the lawsuit. The Authority is an indispensable party to the lawsuit because its rights are directly related to Appellants' claims. *See generally Church of the Lord Jesus Christ of the Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751 (Pa.Cmwlth. 1999). The failure to join an indispensable party deprives the court of subject matter jurisdiction, which may be questioned at any time and may even be raised by the court. *Id.* Because Appellants have failed to join the Authority as a party to the action, we conclude that the trial court properly dismissed Count IV of Appellants' complaint.

---

(1993), we determined that the Department was a "tribunal" for purposes of Section 5103(a).

9. The County further reported that the Department has dismissed Counts IV and VI of Appellants' complaint for lack of subject matter jurisdiction.

10. Section 8002 of the Debt Act defines "local government unit" to include a county, county institution district, city, borough, incorporated town, township, school district or any similar general or limited purpose unit of local government. It specifically excludes authorities. 53 Pa.C.S. § 8002.

Count VI of Appellants' complaint alleged that the bond ordinance was enacted in violation of the Sunshine Act. The trial court concluded that because the alleged violation of the Sunshine Act occurred during the proceedings approving the bond ordinance, jurisdiction was with the Department in accordance with Section 8112(d) of the Debt Act. Notwithstanding, the trial court further stated that if jurisdiction was properly with it, Appellants' complaint demonstrated that no violation of the Sunshine Act occurred because all official action was taken at public meetings. *See Ackerman v. Upper Mount Bethel Tp.*, 130 Pa.Cmwlth. 254, 567 A.2d 1116 (1989) (the Sunshine Act does not expressly permit courts to invalidate "official action" taken at public meetings occurring *after* private meetings held in violation of the Act).

We disagree with the trial court for two reasons. First, Section 715 of the Sunshine Act, 65 Pa.C.S. § 715, vests the court of common pleas with original jurisdiction. Secondly, the trial court improperly raised and sustained a defense on behalf of the County.

■ Section 715 of the Sunshine Act, 65 Pa.C.S. § 715, provides that

the courts of common pleas shall have original jurisdiction of actions involving other agencies to render declaratory judgments or to enforce this chapter by injunction or other remedy deemed appropriate by the court. The action may be brought by any person where the agency whose act is complained of is located or where the act complained of occurred.

In the cases cited by the trial court, we have repeatedly held that alleged violations of the Sunshine Act are solely within the purview of the court of common pleas. *See McMaster v. Department of Community Affairs*, 148 Pa.Cmwlth. 206, 610 A.2d 525 (1992) (alleged violations of the Sunshine Act are not "proceedings" under the Debt Act and, therefore, the Department is without jurisdiction to consider such allegations); *Property Owners v. Pleasant Valley Sch. Dist.*, 100 Pa.Cmwlth. 513, 515 A.2d 85 (1986) (if the legislature had intended a specific statutory exception to the jurisdictional mandate of the Sunshine Act, it would have so stated in specific terms); *Department of Environmental Resources v. Steward*, 24 Pa.Cmwlth. 493, 357 A.2d 255 (1976) (the Environmental Hearing Board lacked jurisdiction to resolve allegations of violations of the Sunshine Act).

■ We disagree with the trial court that *Pleasant Valley* is distinguishable. In that case, the alleged violations of the Sunshine Act occurred when the school district was considering expanding the high school, which was a separate consideration from when the school district opted to issue bonds to finance the renovations. Presently, the trial court determined that because the alleged violations occurred in direct relation to the passage of the bond ordinance, *Pleasant Valley* was inapplicable. However, there is no statutory exception dependent upon the nature of the alleged violation of the Sunshine Act.

Furthermore, we disagree with the trial court's interpretation of our decision in *Steward.* Contrary to the trial court's statement, we did not find in *Steward* that no violation of the Sunshine Act occurred. Rather, we concluded that the Environmental Hearing Board lacked jurisdiction to entertain the claim. In dicta, we went on to state that assuming *arguendo* that the Environmental Hearing Board had jurisdiction, the record did not support a finding that a violation of the Sunshine Act occurred.

■ We further conclude that the trial court erred in raising and sustaining its

own demurrer to Count VI. The County only challenged Appellants' complaint for lack of subject matter jurisdiction; it did not demurrer to any of Appellants' eight causes of action. In *Wojciechowski v. Murray*, 345 Pa.Super. 138, 497 A.2d 1342 (1985), the Superior Court admonished the lower court for raising a defense on behalf of the defendant and, in essence, acting as the defendant's advocate. We have likewise stated that a lower court is not to act as an advocate for a party. *See also Travers v. Cameron County Sch. Dist.*, 117 Pa.Cmwlth. 606, 544 A.2d 547 (1988); *Gubernick v. City of Philadelphia*, 85 Pa. Cmwlth. 397, 481 A.2d 1255 (1984). Accordingly, we conclude that the trial court erred in raising and sustaining its own demurrer to Count VI of Appellants' complaint.

Based upon the foregoing, we affirm the trial court's dismissal of Counts I, II, III, IV, V, VII, and VIII of Appellants' complaint. We reverse the trial court's order insofar as it dismissed Count VI of Appellants' complaint alleging a violation of the Sunshine Act.

### ORDER

AND NOW, this 30th day of July, 2001, it is hereby ordered that the August 28, 2000 order of the Court of Northampton County is AFFIRMED insofar as it dismissed with prejudice Counts I, II, III, IV, V, VII, and VIII of Appellants' complaint. The trial court's order is REVERSED insofar as it dismissed with prejudice Count VI of Appellants' complaint. Count VI is hereby remanded to the trial court for further proceedings.

Jurisdiction relinquished.