McCarthy Car Wash, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Respondent.

Argued November 14, 1985, before Judges MAC-PHAIL and DOYLE, and Senior Judge BARBIERI, sitting as a panel of three.

*Kathleen Carey Daley, Daley & Daley,* for petitioner.

*Thomas D. Nabors, Jr.,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 31, 1986:

McCarthy Car Wash, Inc. (McCarthy) appeals an order of the Board of Finance and Revenue (Board), dated August 23, 1983, which affirmed a decision of

the Board of Review sustaining a sales tax deficiency against McCarthy.[1] We affirm.

The parties have entered into a written stipulation of the facts which we have accepted for purposes of this appeal. They have stipulated, *inter alia,* that the tax assessment which is the subject of the instant appeal involves

> a customer-operated car wash where the customer, in consideration for inserting coins, is provided with a warm water and detergent mixture under pressure and the use of a 'wand type' car wash (apparatus) equipment, along with the use of a washing bay, to wash his or her vehicle.[2]

Stipulation of Fact 4. A McCarthy employee is responsible for handling problems such as machinery malfunctions and customer complaints. The washing and cleaning of the customers' cars, however, is done solely by the customers.

McCarthy contends that its activity does not constitute a taxable sale at retail, because it does not provide a *service* for purposes of the Tax Reform Code of 1971 (1971 Code).[3] It argues that it merely provides its customer with the opportunity to wash its own cars. It describes its operation as the temporary leasing of real property and as the purchasing of a right to wash a car in a rented bay.

---

[1] The Board modified the assessment of the Department of Revenue (Department) by (1) granting McCarthy a credit of $44.56 against the Department's assessment of $7,764.72 and (2) deleting the penalties assessed by the Department.

[2] The customer-operated car wash also includes coin-operated vacuum cleaners and disposable towels which customers can purchase to dry their vehicles. The tax applicabilty issue also applies to the coin operated vacuum cleaners but McCarthy's statement of the questions involved does not mention that aspect of its operation. We, therefore, consider that matter to have been waived.

[3] Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§7101-10004.

A "sale at retail" is defined, in part, in Section 201(k)(4) of the 1971 Code[4] as

> [t]he rendition for a consideration of the service of repairing, altering, mending, pressing, fitting, dyeing, laundering, drycleaning or cleaning tangible personal property other than wearing apparel or shoes or applying or installing tangible personal property as a repair or replacement part of other personal property except wearing apparel or shoes for a consideration, *whether or not the services are performed directly or by any means other than by coin-operated self-service laundry equipment.* . . .
> (Emphasis added.)

"Sale at retail" is elsewhere defined as including "[t]he rendition for a consideration of the service of . . . [w]ashing, cleaning, waxing, polishing or lubricating of motor vehicles of another, whether or not any tangible personal property is transferred in conjunction therewith. . . . Section 201(k)(3)(i) of the 1971 Code.[5]

In *Eastern Auto Car Wash, Inc. v. Board of Finance and Revenue,* 10 Pa. Commonwealth Ct. 207, 309 A.2d 611 (1975), faced with substantially the same facts,[6] this Court held that a self-service car wash constituted a "sale at retail" for purposes of the Tax

---

[4] 72 P.S. §7201(k)(4).

[5] 72 P.S. §7201(k)(3)(i).

[6] McCarthy argues that *Eastern* cannot be dispositive of this case because "it is unclear when reading the case as to what type of car wash formed the subject of the appeal." Our review of *Eastern* convinces us that it concerned essentially the same situation as we have before us. The Court adopted the parties' stipulations of facts, *id.* at 209, 309 A.2d at 612, which stated in part that "all work and washing is done upon the customer's car by the customer himself." No. 474 Transfer Docket, 1970, Stipulation of Facts and Agreement to Try without a Jury, Stipulation of Fact 25.

Act of 1963 for Education (Act).[7] In reaching our decision, we emphasized that the term "service" was not limited to manual work done for another, but extended to labor provided "by any automated extension thereof." *Eastern* at 211, 309 A.2d at 613. Although in *Eastern* we were dealing with a different statute, the relevant provisions of that statute are substantially similar to those of the 1971 Code with which we are dealing in the instant case. We therefore hold that *Eastern* is dispositive of the issue before us.

McCarthy also contends that to impose a sales tax on his self-service car wash would be contrary to the intent of the taxing provisions of the 1971 Code. As we understand the argument, it is that since McCarthy has already paid tax on the equipment and products used in its car wash operation, its business is analogous to that of a manufacturer whose operations are statutorily excluded from tax. Because we do not believe that the analogy is a proper one and because McCarthy cites neither case law nor statutory authority in support of its proposition, we must reject the argument.

ORDER

The order of the Board of Finance and Revenue, dated August 23, 1983, is hereby affirmed. Unless exceptions are filed pursuant to the Provisions of Pa. R.A.P. 1571, the Chief Clerk shall, on praecipe, enter judgment for the Commonwealth in the sum of $7,-720.16 plus interest.

---

[7] Act of March 6, 1956, P.L. (1955) 1228, *formerly* 72 P.S. §§3403-1-3403-605, repealed by Section 280 of the Act of March 4, 1971, P.L. 47.