## PENNSYLVANIA NATIONAL INSURANCE COMPANY

v.

## MORASCO–KNEE–SOXMAN, LTD., Anna Velicoff, Carl Depietro, Ronald Soloman, Gabriel A. Fusco and The Travelers Company

v.

## CIGNA INSURANCE COMPANY, Dominic Depietro, Angelo Depietro, John Depietro, and Penn Hills Car Wash.

### Appeal of PHOENIX INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Oct. 8, 1997.

Filed Nov. 24, 1997.

Scott W. Stephan, Pittsburgh, for appellant.

Arthur Bloom, Pittsburgh, for Pa. National, appellee.

Before TAMILIA, POPOVICH and HESTER, JJ.

POPOVICH, Judge.

This is an appeal from the lower court's order granting judgment on the pleadings in favor of Pennsylvania National Insurance Company (Penn National). The facts in this case are undisputed and are as follows: Penn National issued an automobile insurance policy to Morasco–Knee–Soxman, Ltd. (Moras-co), a funeral business. The policy provided that coverage was extended to individuals who used any of Morasco's vehicles with the business' permission. However, the policy specifically excluded coverage for accidents occurring while "someone [was] using a covered auto while he or she [was] working in a business of selling, servicing, repairing or parking autos ."

On November 15, 1991, Gabriel A. Fusco, an employee of Morasco, drove an insured vehicle to a nearby automated car wash. Upon arrival, Fusco exited the vehicle so that it could be washed. After the vehicle passed through the automated system, Ronald Soloman, an employee of the car wash, entered the vehicle and proceeded to move it to a parking area so that the vehicle could be dried. As Soloman was driving the vehicle, he struck Anna Velicoff and Carl Depietro. Both individuals sustained injuries.

As a result of the accident, various lawsuits were initiated, and, ultimately, Morasco sought coverage under its policy with Penn National. Penn National filed a Complaint for Declaratory Judgment seeking a determination as to whether it was required to provide coverage. On September 3, 1996, Penn National filed a motion for judgment on the pleadings. The lower court granted the motion, thereby concluding that Morasco's insurance policy did not provide coverage for the accident at issue. This appeal followed.[1]

At issue is whether Soloman, the car wash employee, was working "in a business of servicing autos" when he struck Velicoff and Depietro with Morasco's automobile. If so, then the policy specifically excludes coverage. We find that, as a matter of law, the car wash was "in the business of servicing autos," and, therefore, that the exclusion applies.

Although the appellate courts of this Commonwealth have not discussed the meaning of the phrase "business of servicing autos" in

---

1. Pursuant to Pa.R.A.P. 341(c), the lower court expressly determined that an immediate appeal would facilitate resolution of this case and entered a final order. This permits appellate review. Pa.R.A.P. 341(c). We note that our standard of review in this case is well-settled. "Our review of a trial court's decision to grant or deny judgment on the pleadings is limited to determining whether the trial court committed an error of law or whether there were facts presented which warranted a jury trial." *Pennsylvania Financial Responsibility Assigned Claims Plan v. English,* 541 Pa. 424, 664 A.2d 84, 86 (1995).

the context of automobile insurance, the courts have discussed the phrase in the context of zoning, sales tax and landlord/tenant law. Specifically, the courts have held that a car wash is of the same general character as a service station, and, therefore, that the term "service" includes the washing and waxing of cars. *Boyd v. Shell Oil* Company, 454 Pa. 374, 311 A.2d 616 (1973) (installation of car wash bay in service station was not an "alternate or additional use"); *Novello v. Zoning Board of Adjustment*, 384 Pa. 294, 121 A.2d 91 (1956) (operation of car wash was incidental to operation of service station for zoning purposes); *McCarthy Car Wash, Inc. v. Commonwealth of Pennsylvania*, 94 Pa. Cmwlth. 551, 503 A.2d 1088 (1986) (term "service" in the Tax Reform Act of 1971 included washing and cleaning vehicles at car wash). While it is true that the cases cited *supra* are not controlling, we find them to be persuasive. Therefore, on the facts before us, we find that the insurance provision excluded coverage for the accident occurring at the car wash since it occurred while Soloman was "working in a business of servicing autos."

Order affirmed.